1
2
3

The Honorable Richard A. Jones

4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11

TIMOTHY D. JAHN,

12

Plaintiff,

NO. C08-0185RAJ

13

v.

14

UNITED STATES,

ORDER

15
16

Defendant.

17
18

## I.    INTRODUCTION

19      This matter comes before the court a motion for summary judgment (Dkt. # 6)

20   from the United States (the "Government").  The Government has not requested oral

21   argument, and Plaintiff Timothy Jahn has not responded to the Government's motion.

22   For the reasons stated below, the court GRANTS the motion.

23

## II.    BACKGROUND & ANALYSIS

24      After his vehicle was towed and impounded, Mr. Jahn filed an Impounded Vehicle

25   Hearing Request in King County District Court in December 2007.  The request invoked

26   RCW 46.55.120(3), which authorizes a court action to dispute the validity of decision to

27

28   tow away a motor vehicle, and permits an award of damages if the tow was invalid.  Mr.

ORDER  – 1

Jahn named the Ravensdale Post Office, a branch office of the United States Postal

Service ("USPS"), as the "Person/Agency Authorizing Impound" on the request form.

Because USPS is an "independent establishment of the executive branch of the

Government of the United States," 39 U.S.C. § 201, the Government removed the towing

dispute to this court. *See* 28 U.S.C. § 1442(a)(1) (authorizing removal of a civil action

against the United States or its agencies). The Government's evidence establishes that

the Postmaster of the Ravensdale facility initiated the towing of Mr. Jahn's vehicle

because it was allegedly parked in the facility's posted employee parking lot.

No party can enforce state law against the federal government without

unambiguous congressional permission. *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174,

180 (1988); *Mayo v. United States*, 319 U.S. 441, 445 (1943) ("[T]he activities of the

Federal Government are free from regulation by any state."). In *Goodyear Atomic*, for

example, the court concluded that Congress had expressly authorized the application of

state workmen's compensation law against a federally-controlled nuclear power plant.

486 U.S. at 182. Where a plaintiff cannot point to Congressional authorization for

invoking a state law against the federal government, the court must dismiss the action.

*E.g.*, *Parola v. Weinberger*, 848 F.2d 956, 960 (9th Cir. 1988); *United States v. City of St.*

*Paul*, 258 F.3d 750, 753-54 (8th Cir. 2001).

Mr. Jahn has pointed to no congressional authorization of the application of RCW

46.55.120(3) against the federal government, and the court is aware of no such authority.

For that reason, the court must dismiss this action. If Mr. Jahn seeks redress for the

USPS's actions in this case, he must properly invoke federal law.

ORDER  – 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  CONCLUSION

For the reasons stated above, the court GRANTS the Government's motion for summary judgment (Dkt. # 6), DISMISSES this action, and directs the clerk to enter judgment in accordance with this order.

Dated this 1st day of July, 2008.

The Honorable Richard A. Jones
United States District Judge

ORDER  – 3